

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-22-00265-CR

## IN RE CHRISTIAN DANIEL HERRADA

_____

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. DC-F201800356**

_____

**Original Proceeding**

_____

## MEMORANDUM OPINION

_____

Relator, Christian Daniel Herrada, was convicted of evading arrest with a vehicle. The trial court made a deadly weapon finding, and as part of a plea bargain with the State, relator was sentenced to eight years in prison. On July 15, 2019, relator filed a motion for judgment nunc pro tunc, alleging "clerical errors" in the judgment. On July 31, 2019, the State filed a response to relator's motion for judgment nunc pro tunc, noting that the judgment contains a clerical error regarding the statutory provision for which relator was convicted, but disagreed with relator's assertions of other "clerical errors."

Because the trial court did not rule on his July 15, 2019 motion for judgment nunc pro tunc, on May 16, 2022, relator requested the trial court to rule on his nunc pro tunc motion. Thereafter, relator filed a petition for writ of mandamus, requesting that this Court order the trial court "to respond, and correct the clerical error to reflect the correct judgment he pled guilt to in the indictment COUNT TWO (2). And remove the 3-g aggravated sentence from his record."

On August 26, 2022, we issued an order requesting a response to relator's mandamus petition. In response to our request, the trial court conducted a hearing on relator's motion for judgment nunc pro tunc. The State appeared, and relator was represented by counsel. In its order on relator's motion, the trial court noted that the parties conferred and agreed that: (1) "the request to remove 'the 3-g aggravated sentence from [Mr. Herrada's] record' was not appropriate and was withdrawn"; and (2) "that the Judgment in this matter should reflect Texas Penal Code 38.04(b)(2)(A) rather than 38.04(b)(2)(B)." The trial court granted relator's motion "with regard to the offense number" and signed a judgment reflecting the above-mentioned modification.

Given that relator withdrew the request to remove "the 3-g aggravated sentence" from his record, and because the trial court has now granted all other relief requested by relator, a justiciable controversy no longer exists. *See Pharris v. State*, 165 S.W.3d 681, 687 (Tex. Crim. App. 2005) ("A case that is moot is normally not justiciable." (internal citations omitted)); *Ex parte Flores*, 130 S.W.3d 100, 104-05 (Tex. App.—El Paso 2003, pet.

ref'd) ("The mootness doctrine limits courts to deciding cases in which an actual controversy exists. When there has ceased to be a controversy between the litigating parties which is due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal." (internal citations omitted)). Accordingly, relator's petition for writ of mandamus is now moot and is dismissed for want of jurisdiction.

STEVE SMITH
Justice

Before Chief Justice Gray,
  Justice Johnson,
  and Justice Smith
Mandamus dismissed
Opinion delivered and filed October 26, 2022
Do not publish
[OT06]

